**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mone Lynette Young,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-05144-PHX-DWL<br><br>**ORDER** |

At issue is the denial of Plaintiff Mone Young's Application for Disability Insurance benefits by the Social Security Administration under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 10, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 13, "Def. Br."), and Plaintiff's Reply (Doc. 17, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 9, "R."), and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 13-33) as upheld by the Appeals Council (R. at 1-7).

**I.     BACKGROUND**

Plaintiff filed her Application for Disability Insurance benefits on May 5, 2015, alleging disability beginning February 27, 2015. (*Id*. at 16.) Plaintiff's central claim is that pain and swelling in her hands prevent her from performing her past work as an ophthalmology technician and assistant. (*Id*. at 57-58.) Her claim was denied initially on

October 12, 2015 and on reconsideration on February 17, 2016. (*Id*. at 16.) On April 24, 2018, Plaintiff appeared and testified at a video hearing before the ALJ. (*Id*.) On June 30, 2018, the ALJ denied her claims, and on July 18, 2019, the Appeals Council denied Plaintiff's Request for Review. (*Id*. at 1-7, 13-33.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: Raynaud's disease and/or mixed connective tissue disease; small fiber neuropathy; fibromyalgia; degenerative and discogenic disease of the lumbar and cervical spine; and swelling of hands of uncertain etiology. (*Id*. at 18.) After finding that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (*id*. at 20), the ALJ determined Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except: [she] is limited to occasional balancing, stooping, kneeling or crouching; occasional climbing of ramps, stairs, ladders, or scaffolds; no climbing of ropes; frequent handling, fingering, and feeling with the bilateral upper extremities; occasional overhead reaching and frequent other reaching with the bilateral upper extremities; moreover, the claimant must avoid concentrated exposure to extreme cold, heat, wetness, humidity, or vibration.

(*Id*. at 21.) Utilizing this RFC, the ALJ found that Plaintiff could perform her past relevant work as an ophthalmology technician, as well as the jobs of "Receptionist, clerical" and "Customer service representative." (*Id*. at 25-27.)

## II.   LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*,

495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises three issues in her opening brief. First, Plaintiff argues the ALJ erred when rejecting the opinion of her treating physician, Dr. Timothy Lovell. (Pl. Br. at 12-17.) Second, Plaintiff argues the ALJ erred when rejecting her symptom testimony. (*Id.*

at 18-22.) Third, Plaintiff argues the ALJ erred when rejecting the lay-witness report provided by her husband. (*Id*. at 22-24.)

### A. The ALJ provided specific, clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom testimony and her husband's report

Plaintiff and her husband offered essentially identical reasons for her inability to work—both claimed that Plaintiff is able to use her hands for only a very short period of time before pain and swelling prevent further use. (*Id*. at 57-58, 279-94, 308.)

The ALJ provided several reasons for rejecting Plaintiff's symptom testimony and her husband's report. Regarding Plaintiff's symptom testimony, the ALJ found: (1) her symptoms were controlled with medication; (2) the objective medical evidence did not corroborate her allegations; (3) she was not compliant with treatment recommendations, *i.e.*, medication; (4) she made inconsistent statements; and (5) her activities of daily living ("ADLs") were inconsistent with her allegations. (*Id*. at 23-24.) As for her husband, the ALJ rejected his report because he was not a medical professional and because he was, according to the ALJ, inherently interested in the outcome of Plaintiff's claim. (*Id*. at 25.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citation omitted). If, as in this case, the claimant presents such evidence, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir.

2005). However, an ALJ need only provide a germane reason for rejecting a lay witness's report. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

As noted, one of the ALJ's proffered reasons for rejecting Plaintiff's symptom testimony was its inconsistency with other statements she made regarding her symptoms. This is a legitimate basis for rejecting symptom testimony. 20 C.F.R. § 404.1529(c)(4) ("[The agency] will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [a claimant's] statements and the rest of the evidence . . ."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (reaffirming that ALJs may consider a claimant's prior inconsistent statements when evaluating symptom testimony). Here, the ALJ specifically cited (R. at 24) a medical record dated February 29, 2016, which reflects that Plaintiff told a doctor she was experiencing hand pain and swelling but then "*denied her hand swelling and pain was what prevented her from working*." (*Id.* at 573, emphasis added.) The ALJ also cited portions of the record (*id.* at 24) showing that, although Plaintiff asserted in a post-hearing letter that she had been "hoping to return to" her old job during late 2015 and early 2016 and that her "deteriorating" condition was what prevented her from following through on that plan (*id.* at 308), Plaintiff's employer wrote in a different letter that Plaintiff turned down an opportunity to return to her old job in August 2015 and instead announced a "plan to retire." (*Id.* at 302-03.)

These statements are inconsistent with Plaintiff's allegation that she stopped working—and cannot work—because of her hands. The letter from Plaintiff's employer contradicts her claim that she intended to return to work if her symptoms improved, because it indicates that Plaintiff told her employer she would not be returning. Further, Plaintiff's admission to a doctor that her hand symptoms were not what "prevented her from working" directly contradicts her testimony that her hand symptoms are the primary reason why she cannot work. (*Id.* at 573.) The ALJ did not, as Plaintiff argues in her opening brief (Pl. Br. at 21), engage in improper speculation when making these findings of inconsistency. Thus, the ALJ provided specific, clear and convincing reasons, which

were supported by substantial evidence, for rejecting Plaintiff's symptom testimony.

The ALJ also committed no error in finding that Plaintiff's ADLs contradicted her allegations of disabling symptoms. *Tommasetti*, 533 F.3d at 1039 (ALJ properly rejected symptom testimony based on inconsistency with claimant's ADLs). The ALJ noted that Plaintiff has minimal issues with personal care—specifically, she has occasional issues with jewelry or buttons. (*Id*. at 24, 288.) Plaintiff and her husband also reported that Plaintiff regularly drives alone (although she claims she only drives short distances due to her impairments). (*Id*. at 282, 290.) And Plaintiff and her husband also reported that Plaintiff rides as a passenger on motorcycles they own. (*Id*. at 279, 283, 291.) Plaintiff's husband claimed this does not cause her pain. (*Id*. at 283.) Although evidence points in both directions on this issue, the ALJ's determination that Plaintiff's ADLs contradict her symptom testimony is a reasonable one and is entitled to deference. *Thomas*, 278 F.3d at 954.

Given these conclusions, there is no need to address the sufficiency of the ALJ's other reasons for rejecting Plaintiff's symptom testimony. Even if those other reasons were erroneous, any error would be harmless. *Molina*, 674 F.3d at 1115 (defining harmless error as error that is inconsequential to the ALJ's non-disability determination).

Finally, although the ALJ provided invalid reasons for rejecting the report of Plaintiff's husband, that error was harmless. Plaintiff's testimony and her husband's report were substantively identical—both claimed that Plaintiff's impairments prevent sustained use of her hands. (R. at 57-58, 279-94.) Accordingly, the ALJ's valid reasons for rejecting Plaintiff's testimony applied with equal force to her husband's report. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ's erroneous rejection of spouse's lay-witness report was harmless because ALJ provided valid reasons for rejecting claimant's testimony and those reasons were applicable to spouse's testimony).

**B.    The ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Lovell's opinion**

Dr. Lovell completed an assessment of Plaintiff's functional abilities. (R. at 475-79.) Among other things, Dr. Lovell checked boxes stating that Plaintiff can "Never"

perform fine fingering activities with her right hand or her left hand. (*Id.* at 476-77.) The other options that were available to Dr. Lovell, which he declined to check, were "Occasionally," "Frequently," and "No limitation." (*Id.*)

The ALJ chose to assign "little weight" to Dr. Lovell's opinion for two reasons: (1) although he was Plaintiff's longtime primary care physician, he is not a specialist; and (2) "his extreme assessment" was "inconsistent with [Plaintiff's] own assessment that she only 'sometimes' has issues with fine finger manipulation." (*Id.* at 25.)

Although "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti*, 533 F.3d at 1041. Those who treated the claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, an ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)-(6) and determine the appropriate weight to give the opinion. 20 C.F.R. § 404.1527(c). When, as here, "a treating physician's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ's first proffered rationale for rejecting Dr. Lovell's opinion—his lack of specialization—was not legitimate. Although the presence or absence of specialty training is an appropriate consideration when determining how much weight to assign to a medical opinion, *see* 20 C.F.R. § 404.1527(c)(5), it could not serve as an independent basis for rejecting as Dr. Lovell's opinion, particularly in light of the length of Dr. Lovell's treatment history with Plaintiff. The ALJ made no effort to explain why a specialist could have provided greater insight into Plaintiff's condition than the doctor who had been treating her for more than a decade.

It was not error, however, for the ALJ to reject Dr. Lovell's opinion due to its inconsistency with Plaintiff's own statements regarding her limitations. Inconsistency

between a doctor's opinion and a claimant's reported limitations or activities is a legitimate basis for discounting the opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Here, the ALJ correctly determined that Dr. Lovell's opinion regarding Plaintiff's limitations was extreme compared to Plaintiff's stated limitations. (R. at 25.) As noted, Dr. Lovell opined that Plaintiff can "Never" perform fine fingering activities, which is impossible to reconcile with Plaintiff's acknowledgement that she can sometimes perform such activities.

In an attempt to avoid this conclusion, Plaintiff argues the ALJ shouldn't have interpreted Dr. Lovell's opinion as "literally true." (Pl. Br. at 15.) This criticism misses the mark. ALJs are not mind-readers and do not commit error by taking, at face value, the medical opinions that are presented to them. Plaintiff also contends that Dr. Lovell qualified his "Never" opinion by stating in a different portion of the assessment form that he was only describing Plaintiff's ability to perform "persistent or repetitive" fingering activities. (Pl. Br. at 14, citing R. at 475.) But even assuming that Dr. Lovell's opinion was qualified in this manner—and it is not clear it was—substantial evidence still supports the ALJ's conclusion that his opinion was inconsistent with Plaintiff's own description of her limitations. As noted, Plaintiff told a different doctor that her hands were *not* preventing her from working. Additionally, Plaintiff reported only occasional issues with daily care due to her hands (only with jewelry or buttons). And Plaintiff regularly drives alone and rides as a passenger on a motorcycle, apparently without pain. Although the evidence may be susceptible to other interpretations, the ALJ's conclusion was a reasonable one. Accordingly, the ALJ did not err by concluding that Dr. Lovell's opinion was inconsistent with Plaintiff's reported limitations and, thus, entitled to less weight.

**IT IS THEREFORE ORDERED** affirming the June 30, 2018 decision of the Administrative Law Judge (R. at 13-33), as upheld by the Appeals Council (R. at 1-7).

…

…

1    **IT IS FURTHER ORDERED** directing the Clerk to enter final judgment
2 consistent with this Order and close this case.
3    Dated this 7th day of October, 2020.

Dominic W. Lanza
United States District Judge